### HOWLAND *v.* BATES *et al.*

*(City Court of New York, General Term.* October 24, 1892.)

NEGOTIABLE INSTRUMENTS—RIGHTS OF BONA FIDE HOLDERS.

W here defendants admit making and indorsing for value a promissory note payable to their own order, an allegation that the note was delivered to a certain corporation, and not to plaintiff, and that the receiver of such corporation renounces all claims to the note, will not affect defendant's liability, when the evidence shows that plaintiff was the owner of the note for value, it being immaterial where he obtained it since the note was indorsed by defendants in blank, and hence would pass to any one by delivery.

Appeal from trial term.

Action by Louis M. Howland against De Witt C. Bates and others to recover upon a promissory note made by defendants. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*Thomas H. Wagstaff, Jr.,* for appellants.   *Olins, Rives & Montgomery,* for respondent.

VAN WYCK, J.   This action is upon a promissory note made by defendants, as they admit, for valuable consideration, payable to their own order and indorsed by them, but they allege that the same was by them delivered to a certain corporation, and not to plaintiff; and the receiver of such corporation renounces all title to or claim in the same, while the plaintiff gives evidence which clearly shows that he is the owner and holder of the same for value, and there seems no doubt but that he is; and whether he secured the note directly from defendants, or from the corporation to which they contend that they delivered it for value, can make no difference to defendants, for plaintiff produced the note on the trial, and the same was marked in evidence, and bore their indorsement in blank, and hence would pass by delivery to any one.   Upon the record it is certain that neither the corporation nor its receiver could now maintain an action against the defendants upon the note.   At the close of the testimony both parties requested the court to direct a verdict, and neither requested to be allowed to go to the jury upon any question, and thus the court became the trior of the facts as well as of the law, and his direction of judgment for plaintiff is supported by the evidence, and was not against the weight of evidence.

The judgment is to be affirmed, with costs.